UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT JOSEPH MCCAFFERTY  (#355140)

VERSUS                                                           CIVIL ACTION

DIXON CORRECTIONAL INSTITUTE , ET AL              NUMBER 09-134-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 10, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROBERT JOSEPH MCCAFFERTY  (#355140)

VERSUS                                          CIVIL ACTION

DIXON CORRECTIONAL INSTITUTE , ET AL         NUMBER 09-134-JJB-DLD


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dixon Correctional Institute, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Steve Rader, Sgt. Jonetha Causey, Capt. Ricky Williams and Lt. Linda Eckart. Plaintiff alleged that he was issued a false disciplinary report by Lt. Eckart in retaliation for complaining to her supervisors about work she assigned him to perform.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v.*

*Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id*.; *Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff named Dixon Correctional Institute as a defendant.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.  The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Plaintiff alleged that on April 29, 2008, he and other A/C gym orderlies were required to report to work early in order to iron sheets needed for the May 1 Job Fair.  Plaintiff

alleged that after the A/C orderlies began ironing the sheets, Sgt. Joseph ordered the B/D team orderlies to also report to work early.  Plaintiff alleged that Sgt. Joseph instructed the B/D team orderlies to iron the sheets while the A/C gym orderlies finished cleaning the gymnasium and visiting shed area.  Plaintiff alleged that another inmate told the B/D team orderlies that the plaintiff was responsible for them having to report to work early.  Plaintiff alleged that B/D team orderlies complained to Lt. Eckart that the plaintiff had them called in early to work.  Plaintiff alleged that on May 1, a B/D team orderly warned him that Lt. Eckart intended to require him to report to work early that night.  Plaintiff alleged that he was called in that evening and was told that Lt. Eckart had left orders for the plaintiff to iron a laundry buggy full of sheets before morning.  Plaintiff alleged that he complained to Capt. Williams who advised the plaintiff to iron the sheets and file an administrative grievance regarding the matter.  Plaintiff alleged that he was then confronted by Lt. Eckart who questioned him, made a comment about the plaintiff complaining about her actions to a ranking officer, and then handcuffed the plaintiff,  placed him in administrative lockdown and presumably issued the plaintiff a disciplinary report.

Plaintiff named Secretary LeBlanc, Warden Rader,  Sgt. Jonetha Causey and Capt. Ricky Williams as defendants but alleged no facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that Secretary LeBlanc and Warden Rader are responsible for the actions of their subordinates

3

is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims against Dixon Correctional Institute, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Steve Rader, Sgt. Jonetha Causey and Capt. Ricky Williams have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) .

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's claims against Dixon Correctional Institute, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Steve Rader, Sgt. Jonetha Causey and Capt. Ricky Williams be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii) and this action be referred back to the magistrate judge for further proceedings on the plaintiff's retaliation claim against Lt. Eckart.

Signed in Baton Rouge, Louisiana, on March 10, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**